Charles MILLNER, Appellant,

v.

NORTH FORT WORTH STATE BANK, Appellee.

No. 15680.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 17, 1956.

Rehearing Denied March 23, 1956.

Millner's interest in certain real estate, Millner appeals.

Appellant, who resides in Chicago, Illinois, and Nutt, who resides in Fort Worth, Texas, entered into a partnership and engaged in the automobile business in Fort Worth under the name of 28th Street Motor Co. Their written partnership agreement declared that the business of the partnership was to be that of selling automobiles and trucks at wholesale. In a conference with C. E. Steddum, executive vice-president of appellee, Millner and Nutt arranged for a line of credit from appellee.

Acting for the partnership, Nutt executed five notes to appellee. The first note, dated October 6, 1952, for $1,212, was paid at maturity. The other four were executed on the following dates and in the following amounts: October 9, 1952, $6,766; October 10, 1952, $10,377.75; October 14, 1952, $3,939; and October 22, 1952, $15,958.

While the partnership was indebted to appellee, the price of automobiles declined and appellant desired to discontinue operations. The partners then owned about twelve cars and pickups, which secured their debt to appellee. Nutt undertook to sell the cars and pickups on hand at the time of the dissolution, and thought he could sell them to better advantage at retail. Used cars were taken in trade on new cars which the original notes had covered. When Nutt accepted a used car as part of the price of one of the cars securing the original indebtedness, appellee would release its lien on the new car and credit the primary note with whatever cash Nutt would receive on the sale, take another note for the value of the used car, secured by it, and then would credit the original note with the amount of the new or secondary note. No additional money was advanced by appellee on the secondary notes. Nutt signed the renewal notes in the same manner as the original notes, i. e., 28th Street Motor Co., David E. Nutt.

From the proceeds of the final sale of all used cars which had been the security for the secondary notes, Nutt paid to ap-

---

Martin & Moore and Elvin E. Tackett, Fort Worth, for appellant.

Freeman & Ward, Chas. J. Murray and M. Hendricks Brown, Fort Worth, for appellee.

BOYD, Justice.

From a joint and several judgment rendered in favor of appellee North Fort Worth State Bank against Charles Millner and David E. Nutt for $4,065.13, and for foreclosure of an attachment lien against

pellee $3,250, which amount appellee was holding at the time of the trial, without having made application of it on the indebtedness. The proper application of this fund constitutes the subject matter of this appeal.

The jury found: that Steddum and Nutt intended that the note dated January 12, 1953, in the amount of $1,414, and the note dated February 10, 1953, in the amount of $858.10, should, to the extent of said notes, extinguish the original partnership note dated October 9, 1952, for $6,766; that it was intended by Steddum and Nutt that the note of April 6, 1953, in the amount of $1,187, should extinguish, to that extent, the original partnership note for $10,377.-75, dated October 10, 1952; that Steddum and Nutt intended that the note dated January 30, 1953, in the amount of $355, the note dated December 29, 1952, in the amount of $1,717, and the note dated March 20, 1953, in the amount of $1,236, should extinguish, to the extent of the said several amounts, the original partnership note for $15,958, dated October 22, 1952.

The court found: that appellant owes nothing on the note for $6,766, dated October 9, 1952; that appellant owes nothing on the note for $15,958, dated October 22, 1952; that the note for $10,377.75, dated October 10, 1952, was entitled to a credit of $1,187, as evidenced by the note for that amount dated April 6, 1953; that after giving appellant credit also for all cash payments made on the October 10, 1952, note, he was still indebted to appellee on that note in the sum of $1,538.00; that appellant is entitled only to credits on the $3,939.00 note dated October 14, 1952, leaving a balance owing by him to appellee on such note in the amount of $1,449; and that appellant is not entitled to credit on the original notes for the $3,250 now held by appellee and received by it from the proceeds of the sale of second-hand cars, which were collateral for the renewal notes. The court applied that fund to the renewal or secondary notes.

It is appellant's contention that the $3,-250.00 fund should be credited to the orig-

inal partnership notes. His argument is that the court should have applied the "first moneys in—first moneys out" principle, and that appellant, after the dissolution of the partnership, was at most merely a surety for the payment of the original partnership notes. He cites and relies upon First Nat. Bank of El Paso v. International Sheep Co., Tex.Civ.App., 29 S.W.2d 513; Hall v. Johnston, 6 Tex.Civ.App. 110, 24 S.W. 861; Rice v. Brown, Tex.Com. App., 296 S.W. 495; Aetna Casualty & Surety Co. v. Hawn Lumber Co., 128 Tex. 296, 97 S.W.2d 460.

We have carefully considered all the authorities cited by appellant, but we are unable to agree that they are controlling here. The only money advanced by appellee was that advanced on the original partnership notes. It is not contended that when the original notes were credited with the amount of the secondary notes, appellee actually received any cash to represent such credit. Appellee received cash on the renewal notes only when the used cars were sold. We cannot escape the conclusion that had the money received from the final sale of the used cars been applied to the original notes, the original notes would have been given double credit, and appellee would not have received the $3,250 at all. The court was required to make the application according to the justice and equity of the case. 32 Tex.Jur., p. 684, sec. 29, and cases there cited.

After giving appellant the benefit of the jury's findings, and after crediting the renewal notes with the $3,250 fund, the court found that the unpaid balance on the original notes was $3,695.58, exclusive of attorney's fees. By an alternative point, appellant says that the note of October 9, 1952, in the amount of $6,766 shows no credit for the note of January 12, 1953, in the amount of $1,414, which the jury found extinguished the $6,766 note to that extent. There is no credit endorsed on the note as of January 12, 1953; but we find the note to be credited with $1,414 as of December 30, 1952. The court found that after crediting the $6,766 note with the $1,414 note, the $858.50 note, and all cash

payments made thereon, the note had been discharged in full. We therefore think the $6,766 note shows credit for the proper amount, even if the date shown is incorrect.

We have considered all of appellant's points, and, finding no error, they are all overruled, and the judgment is affirmed.